# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | Case No.: 2:10-cr-00482-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| TAVARES CHANDLER, | ) | |
| Petitioner/Defendant. | ) | |

Pending before the Court is Petitioner Tavares Chandler's ("Petitioner") Motion for Voluntary Dismissal, (ECF No. 147), of the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 142). The Government filed a Response, (ECF No. 148), and Petitioner filed a Reply, (ECF No. 149). For the reasons discussed below, Petitioner's Motion for Voluntary Dismissal is **GRANTED**.

## I.  BACKGROUND

On May 9, 2011, Petitioner pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Plea Mem., ECF No. 41); (Mins. Proceedings, ECF No. 44). Pursuant to the Armed Career Criminal Act (ACCA) and its residual clause, 18 U.S.C. § 924(e)(2)(B), the Court sentenced Petitioner to a term of 235 months' imprisonment. (*See* J., ECF No. 86). The Ninth Circuit Court of Appeals affirmed the conviction and Petitioner appealed to the U.S. Supreme Court. *United States v. Chandler*, 743 F.3d 648 (9th Cir. 2014); (Letter, ECF No. 111) (indicating petition for *writ of certiorari* was placed on U.S. Supreme Court's docket on September 10, 2014). On June 26, 2015, the U.S. Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), holding that the residual clause of the ACCA is unconstitutionally vague. Shortly thereafter,

the Supreme Court granted Petitioner *certiorari*, vacated his sentence, and remanded for resentencing. *Chandler v. United States*, No. 14-282, 135 S. Ct. 2926 (2015); *see also United States v. Chandler*, 619 F. App'x 641 (9th Cir. 2015).

On May 15, 2016, this Court resentenced Petitioner to 100 months' imprisonment. (Mins. Proceedings, ECF No. 135); (Am. J., ECF No. 139). On December 15, 2016, Petitioner filed a 2255 Motion, (ECF No. 142), arguing that the Court's sentence violates due process because it was imposed under an unconstitutionally vague portion of the United States Sentencing Guidelines ("U.S.S.G."). (2255 Mot. 8:1–10:13, ECF No. 142). Specifically, Petitioner contends that language in U.S.S.G. § 4B1.2's residual clause is identical to that of the ACCA's residual clause, and therefore, both provisions, and any sentences imposed under them, are invalid. (*Id.*).

On March 6, 2017, the U.S. Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. Roughly two weeks later, Petitioner filed a notice concerning the *Beckles* decision, and requested that the Court defer ruling on the 2255 Motion for thirty days. (Notice 1:23–2:2, ECF No. 146). Petitioner thereafter filed a Motion for Voluntary Dismissal of his 2255 Motion under Federal Rule of Civil Procedure 41(a)(2). (Mot. Voluntary Dismissal 1:19–2:2, ECF No. 147); (Reply 3:26 n.1, ECF No. 149).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose

the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). Motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Federal Rules of Civil Procedure apply to petitions under 28 U.S.C. § 2255 "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2255 Cases]." R. 12, Rules Governing Section 2255 Proceedings (2019).

Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i) allows for the voluntary dismissal of a case by a plaintiff without a court order where a notice of dismissal is filed before the opposing party has answered or filed a motion for summary judgment. Rule 41(a)(2) permits dismissal by a court at the request of the plaintiff "on terms that the court considers proper."

### III.   DISCUSSION

The Government opposes Petitioner's Motion for Voluntary Dismissal by arguing that dismissal under Rule 41 is inconsistent with the rules governing petitions under 28 U.S.C. § 2255—specifically, the framework of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Resp. 4:10–5:8, ECF No. 148). The Government argues that dismissal on grounds other than the merits would allow Petitioner to escape rules that prevent successive 2255 motions. (*Id.*). The Court, however, disagrees; permitting Petitioner to voluntarily withdraw his 2255 Motion is appropriate under Rule 41(a)(2).

The Court's discretion to grant dismissal under Rule 41(a)(2) focuses primarily on whether the opposing party can show that it will suffer some legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Here, the Government has not shown it will suffer legal prejudice if the Court grants Petitioner's request to voluntarily dismiss his 2255 Motion. Though the Government argues that voluntary dismissal goes against finality by not decisively precluding a future 2255 motion on the same grounds, (Resp. 4:10–19), the Ninth Circuit has found uncertainty of a future, potential second lawsuit to be generally insufficient to establish plain legal prejudice in the context of a Rule 41(a)(2) motion. *See Westlands Water Dist.*, 100 F.3d at 96 ("[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice."); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir. 1982) ("Appellant's contention that appellee should have been estopped from requesting a voluntary dismissal, because appellant was put to significant expense in preparing and filing its pleadings, is without merit."); *In re Lowenschuss*, 67 F.3d 1394, 1400–01 (9th Cir. 1995) ("[T]he inconvenience of defending another lawsuit . . . does not constitute prejudice."); *see also Cook v. United States*, No. 1:10-cr-00167-BLW, 2018 WL 2024609, at *2 (D. Idaho May 1, 2018).

Further, regardless of whether the Court permits Petitioner to voluntarily dismiss his 2255 Motion or denies the 2255 Motion on the merits, Petitioner will not obtain any relief from his sentence as a result of his filing. Petitioner also would need to distinguish the present 2255 Motion, and the reasons underlying the current voluntary dismissal, if any future 2255 motion arose.[1] *United States v. Salisbury*, No. 2:11-cr-00317-LDG-CWH, 2017 WL 3484649, at *1 (D. Nev. Aug. 11, 2017) (explaining that any future 2255 motion would "undoubtedly" require the petitioner to establish how prior motions do not bar the future motion); *Rodrigues v. United States*, No. 16-00149 HG, 2016 WL 1465328, at *3 (D. Haw. Apr. 14, 2016) (discussing a

---

[1] The Court takes no position on whether any future 2255 Motion from Petitioner would be considered "second or successive" such that it must comply with procedural rules under 28 U.S.C. § 2255(h). Nevertheless, the Court advises that if Petitioner should later attempt to raise his dismissed claims in a subsequent habeas petition or Section 2255 motion, those claims may be time-barred or barred as successive.

district court's ability to refer a second or successive petition to the court of appeals). Voluntary dismissal without an adjudication on the merits thus conserves judicial resources at this time and in the context of this case. *United States v. Wilson*, No. 2:11-cr-00333-LDG-GWF, 2017 WL 3484160, at *1 (D. Nev. Aug. 11, 2017). The Court accordingly will dismiss Petitioner's 2255 Motion under Rule 41(a)(2).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion for Voluntary Dismissal, (ECF No. 147), is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's 2255 Motion, (ECF No. 142), is **DISMISSED without prejudice**.

**DATED** this __10__ day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court